IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TRACY STANCIL                                                                              PLAINTIFF


VS.                                    CASE NO. 4:15-CV-4116


KENNETH ROBINSON,
ANGELA KEY,
DAKOTA SHIPLEY,
JOANNE SHIPLEY and
JOHN DOES 1-3                                                                          DEFENDANTS


## ORDER

Before the Court is Separate Defendants Dakota Shipley and Joanne Shipley's Motion to Dismiss and Alternatively Answer to Plaintiff's Complaint.  (ECF No. 5).  Plaintiff has filed a response.  (ECF No. 7).  The Court finds this matter ripe for consideration.

On December 15, 2015, this case was removed to this Court from the Circuit Court of Miller County, Arkansas.  (ECF No. 1).  Plaintiff's Complaint arises from an automobile collision that occurred on August 4, 2014.  Plaintiff alleges that each Defendant's acts of negligence proximately caused her injuries.  Specific to the Separate Defendants who filed this Motion to Dismiss, Plaintiff alleges that Defendant Dakota Shipley was the driver of a vehicle that was involved in the collision.  Plaintiff further alleges that this vehicle was owned by Defendant Joanne Shipley and that, "as a result of the relationship of Defendant Dakota Shipley and Defendant Joanna Shipley, all actions of Defendant Dakota Shipley are…imputed to Defendant Joanne Shipley."  (ECF No. 4, ¶ 25).  Defendant Joanne Shipley was a passenger in the vehicle at the time of the accident and had allegedly given Defendant Dakota Shipley permission to operate the vehicle.

The form of Separate Defendants' pleadings requires some clarification.  Rather than file a standalone motion to dismiss, Separate Defendants filed a motion to dismiss and an answer within the same document.  The Motion to Dismiss and Answer (ECF No. 5) states that Plaintiff's Complaint should be dismissed due to "insufficiency of process, insufficiency of service of process, and…failure to state facts upon which relief can be granted."  (ECF No. 5, ¶ 1).  The Motion to Dismiss and Answer goes on to state that the claims against Separate Defendant Joanne Shipley should be dismissed because "there is no specific relationship pled in Plaintiff's Complaint that would impute any actions of Separate Defendant Dakota Shipley, to Separate Defendant Joanne Shipley."  (ECF No. 5, ¶ 2).  The brief (ECF No. 6) in support of the motion addresses only the claims against Separate Defendant Joanne Shipley and the "relationship" issue.  Accordingly, the Court's analysis will be limited to this issue.

## STANDARD OF REVIEW

The Court should grant a motion to dismiss if the plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require a complaint to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, the Court assumes that all the facts in the complaint are true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993). The Court is free, however, to ignore "sweeping legal conclusions" and "unwarranted inferences." *Wiles v. Capitol Indem. Corp.,* 280 F.3d 868, 870 (8th Cir. 2002). The Court may consider the complaint's legal sufficiency, but not the weight of the evidence supporting it. *Id.*

The Court should not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550

2

U.S. 544, 570 (2007). The plaintiff must "nudge their claims across the line from conceivable to plausible." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

In support of her Motion to Dismiss, Separate Defendant Joanne Shipley states that Dakota Shipley was an adult at the time of the collision and that "there is no theory of negligent entrustment or any other legal theory pled in Plaintiff's Complaint against Joanne Shipley that would create a relationship for Dakota Shipley's conduct to be imputed to her." (ECF No. 6, p. 1). Separate Defendant's brief does not elaborate on these statements or support these assertions with citations to legal authority. In response to the Motion to Dismiss, Plaintiff states that the Complaint "affirmatively stated the need for [Separate Defendant Joanne Shipley] to be included in the Complaint. Separate Defendant Joanne Shipley was the registered owner of the vehicle in question at the time of the incident; she has legal liability for the bodily injury to the person of the Plaintiff." Plaintiff does not elaborate further or cite to any legal authority.

Upon consideration, the Court finds that the Motion to Dismiss should be denied. Plaintiff's Complaint strains the requirements of Rule 8, and Plaintiff's response does little to clarify the issue. Nonetheless, the facts pled in the Complaint are sufficient to draw the inference that Separate Defendant Joanne Shipley is liable for the misconduct alleged in the Complaint. Specifically, Plaintiff appears to be proceeding on a claim of negligent entrustment. In Arkansas, the elements of negligent entrustment are "1) the entrustee was incompetent, inexperienced, or reckless; 2) the entrustor knew or had reason to know of the entrustee's conditions or proclivities; 3) there was an entrustment of the chattel; 4) the entrustment created

3

an appreciable risk of the harm to the plaintiff and a relational duty on the part of the defendant; and 5) the harm to the plaintiff was proximately legally caused by the negligence of the defendant." *Balentine v. Sparkman*, 327 Ark. 180, 184–85 (Ark. 1997).  While these elements are not pled with particularity in the Complaint, Plaintiff has indicated that Separate Defendant Joanne Shipley entrusted Separate Defendant Dakota Shipley to drive her vehicle and that this entrustment proximately caused injury to Plaintiff.  At this stage in the proceedings, these allegations are sufficient to survive dismissal.

For the reasons stated above, Defendant Joanne Shipley's Motion to Dismiss (ECF No. 5) should be and hereby is **DENIED**.

IT IS SO ORDERED, this 16th day of August, 2016.

<u>/s/ Susan O. Hickey</u>
Susan O. Hickey
United States District Judge